U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT - 5 2015

TONY R. MOORE, CLERK
BY _____
          DEPUTY

c

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL MAYEAUX, et al. | CIVIL ACTION NO.:1:15-cv-00949 |
| VERSUS | |
| | DISTRICT JUDGE DEE D. DRELL |
| DRV, L.L.C | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) (Doc. 7). Plaintiffs, Michael and Dana Mayeaux, filed an opposition to the motion (Doc. 9) and defendant, DRV, L.L.C. ("DRV"), filed a reply thereto (Doc. 11). The matter, having been thoroughly briefed and referred to me for report and recommendation, is ripe for consideration.

Factual Background

At all times pertinent to this case, plaintiffs were residents of Rapides Parish, Louisiana and DRV was a manufacturer of recreational vehicles with its' principal place of business in Howe, Indiana. Though DRV was not a Louisiana company, it registered to do business in Louisiana and designated CT Corporations System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 as its agent for service of process.

Sometime prior to April 2006, plaintiffs began a search for a recreational vehicle. They visited Gauthiers' RV Center in Lafayette,

Louisiana where they toured recreational vehicles manufactured by DRV. Based upon that experience, plaintiffs decided to purchase a new DRV Mobile Suites Fifth Wheel. Plaintiffs located this type of travel trailer at ExploreUSA RV Supercenter in Kyle, Texas where they perfected the sale. Thereafter, plaintiffs hauled the travel trailer back to their permanent home site in Boyce, Louisiana.

Within a few months of returning home with the travel trailer, plaintiffs began to notice defective conditions including, but not limited to, problems with the keyless entry, furnace, stove, window, door lock, toilet, recliner, washing machine, air conditioner refrigerator, cabinets and front jacks. Plaintiffs corresponded with DRV on numerous occasions regarding the defects. DRV instructed plaintiffs to find a local repair facility, which they did, but the repairs did not return the travel trailer to the condition one would expect. Accordingly, plaintiffs requested rescission of the sale. When DRV refused to buy back the defective trailer, plaintiffs filed the instant lawsuit seeking damages for diminished use, value and safety of the travel trailer; damages for mental anguish, humiliation and inconvenience from attempting to use the travel trailer; rescission of the sale; and actual damages.

DRV responded to the lawsuit by filing the motion before the court to dismiss the lawsuit for lack of personal jurisdiction.

### Law and Analysis

Dismissal Pursuant to Fed.R.Civ.P. 12(b)(2)

The Due Process Clause prohibits a federal district court, sitting in diversity, from exercising personal jurisdiction over a

defendant unless that defendant has certain minimum contacts with the forum state and the exercise of that jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Wash. Office of Unemployment Compensation and Payment, 326 U.S. 310, 316 (1945). (Citations omitted); Mink v. AAAA Development, LLC, 190 F.3d 333, 336 (5th Cir. 1999). The plaintiff carries the burden of showing that the defendant has meaningful contacts with the forum state. Luv N'Care Ltd. v. Insta-Mix, Inc., 438 F3d. 465, 469 (5th Cir.2006), citing Wyatt v. Kaplan, 686 F.3d 276, 280 (5th Cir.1982).

When the district court rules on a motion to dismiss without an evidentiary hearing, the plaintiff need only present a *prima facie* case of personal jurisdiction. Trinity Indus., Inc. v. Myers & Assoc., Ltd., 41 F.3d 229, 230-31 (5th Cir.1995)(citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) and Holt Oil and Gas Corp. v. Harvey, 801 F.2d 773 (5th Cir.1986), cert. den. 481 U.S. 1015 (1987). The court may consider the entire record, but plaintiff's allegations in the complaint must be taken as true unless controverted by affidavit. Where conflicts exist, resolution must be made in favor of the plaintiff. See Revell v. Lidov, 317 F.3d 467, 469 (5th Cir.2002), citing Alpine View Co., Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir.2000). "Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair." Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212-213 (5th Cir.1999).

Federal courts in Louisiana may exercise jurisdiction over a non-resident defendant only to the extent allowed by Louisiana's long-arm statute and consistent with due process. <u>Stripling v. Jordan Production Co., LLC</u>, 234 F.3d 863 (5th Cir.2000). Louisiana's long-arm statute extends jurisdiction to the constitutional limits of due process. La.R.S. 13:3201(B); <u>Burstein v. State Bar of California</u>, 693 F.2d 511 (5th Cir.1982).

Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general jurisdiction" over any action brought against that defendant. <u>Helicopteros Nacionales de Columbua S.A. v. Hall</u>, 466 U.S. 408, 414-15 (1984). Plaintiffs presented evidence that DRV registered to do business and designated an agent for service of process in Louisiana. DRV also provided its products to a dealership in Lafayette, Louisiana and, via its website, directed consumers within 250 miles of Lafayette to that dealership. However, plaintiffs failed to provide any evidence regarding the extent of DRV's contacts with Louisiana. Without a showing that the contacts were continuous or systematic plaintiffs cannot establish a *prima facie* case for general jurisdiction.

Although DRV's contacts were not pervasive enough to satisfy general jurisdiction, they may be sufficient to establish "specific jurisdiction". <u>Id.</u> The Fifth Circuit applies a three-step analysis when determining whether such jurisdiction exists: (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the

4

defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. Here, DRV registered to do business in Louisiana, designated an agent for service, provided products to a Louisiana dealership and directed customers to that dealership via its website. Thus, it "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." Id. at 297.

As explained in World Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 297 (1980),

> [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

(Citations omitted). By conducting business in Louisiana and directing Louisiana consumers to dealerships in and around Louisiana, DRV should have reasonably anticipated that it could be sued in Louisiana for damages arising in Louisiana from its defective products.

Having found minimum contacts exist, a determination must be made as to whether the plaintiffs' cause of action arises out of or relates to DRV's forum related contacts. I find that it does. Plaintiffs' damages arise from the defective condition of the travel trailer they used in Louisiana. Though the act of bringing a product across state lines is often fatal to a finding of personal jurisdiction, I do not find such to be the case here. In those cases, there is a unilateral act by the defendant and no connection between the defendant and the state. The act of hauling this travel trailer to Louisiana was

5

neither random, fortuitous or attenuated as the plaintiffs' decision to purchase a DRV product arose specifically from the fact DRV conducted business in Louisiana.

Having found the plaintiffs have established specific jurisdiction, the burden now shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. Nuovo Pignone, 310 F.3d at 382. The court examines: (1) the burden on the nonresident defendant, (2) the forum state's interests, (the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering the fundamental social policies. Felch v. Transportes Lar-Mex SA De CV, 92 F.3d 320,324 (5th Cir.1996).

DRV argues that Louisiana is not a reasonable jurisdiction because it would "incur significant travel costs, legal fees and inconvenience in satisfying witness and discovery obligations here in Louisiana." (Doc. 7-1, p. 16). Additionally, it argued that "none of the relevant documents and witnesses (other than the plaintiffs themselves) are located in the state." (Id.) I do not find these arguments persuasive. There is no indication that DRV has any more of a presence in Texas than it does in Louisiana; thus, the costs, fees and inconvenience incurred from in trying a case would be similar. Moreover, DRV fails to designate and the court fails to imagine which witnesses or what documents might be located in Texas that pertain to the defective condition of the travel trailer.

The only other argument advanced by DRV is that this court should have "little interest in using its judicial resources to resolve a dispute about a recreational vehicle sale that took place in another state." (Id.). This argument is flatly rejected as this case does not hinge upon an out of state sale of a recreational vehicle. Rather, it is about a defective travel trailer manufactured by defendant that caused damage to Louisiana plaintiffs. As the plaintiffs reside in this judicial district; the travel trailer is located in this judicial district; and, the defects were discovered in this judicial district, this court has a much greater interest in using its judicial resources to resolve the dispute than Texas.

DRV has failed to carry its burden of showing jurisdiction is unfair and/or unreasonable; thus, its motion to dismiss for lack of jurisdiction should be denied.

Dismissal Pursuant to Fed.R.Civ.P. 12(b)(2)

28 U.S.C. §1391(b)(2) provides venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." A substantial part of the events and omissions giving rise to this action occurred in Louisiana. The only thing that occurred in Texas was the sale. The use of the travel trailer and the discovery of the defective conditions occurred in Louisiana. Accordingly, venue is proper in this court and DRV's motion to dismiss for lack of venue should be denied.

Conclusion

Based on the foregoing,

IT IS HEREBY RECOMMENDED that DRV's motion to dismiss for lack of personal jurisdiction and venue (Doc. 7) be DENIED.

Objections

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana on this 5th day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8