

JAN - 8 2016

TONY R. MOORE, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL MAYEAUX, ET AL. | CIV. ACTION NO. 15-949 |
| -vs- | JUDGE DRELL |
| DRV, LLC | MAG. JUDGE PEREZ-MONTES |

## ORDER

Before the court is the Report and Recommendation of the Magistrate Judge, previously filed herein. (Doc. 14). The court has carefully reviewed the entire record (de novo), including the objections and responses to objections filed regarding the Report and Recommendation at issue. (Docs. 15, 17). Based upon our review of the entire record, the court concludes that the proposed findings of the Magistrate Judge are correct under applicable law and, therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety and, therefore, the Motion to Dismiss filed by Defendant DRV, LLC (Doc. 7) is **DENIED**. Plaintiff's claims in this matter are hereby preserved for further proceedings.

In so finding, we concur with the Magistrate Judge's opinion that the facts of this case support a finding of specific jurisdiction. Our conclusion is based upon the ample facts in support of the three (3) required elements under applicable jurisprudence. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (internal citations omitted).

First, Defendant sold its products in Louisiana through an authorized dealer. Although the specific travel trailer at issue in this case was eventually purchased in Texas, Plaintiffs were able to shop for the trailer at a Louisiana dealer. In the court's opinion, this is a critical fact. In addition,

Defendant was registered to do business in Louisiana and designated an agent for service of process. We find that these facts, taken together, sufficiently establish Defendant's purposeful "minimum contacts" with Louisiana. Next, the court finds that Plaintiffs' claims arise out of Defendant's minimum contacts as explained above. Defendant's decision to allow its products to be sold in Louisiana through an authorized dealer is directly implicated in Plaintiffs' purchase of the product, though it was eventually purchased from a lower-priced competitor in a neighboring state. Finally, given what the court deems to be Defendant's intentional conduct in marketing its product in Louisiana, as well as its designation of an agent for service of process, we find no merit in Defendant's argument that our exercise of jurisdiction in this matter is unfair or unreasonable. Moreover, we reject any argument that Defendant should not have reasonably anticipated the eventuality of being sued in this forum.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this \_\_7th\_\_ day of January, 2016.

                                                    **DEE D. DRELL, CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**